McGREGOR W. SCOTT
United States Attorney
KIMBERLY A. SANCHEZ
JEFFREY A. SPIVAK
CHRISTOPHER D. BAKER
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:16-CR-00069-LJO |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| WILLIAM LEE, | DATE: October 31, 2018<br>TIME: 8:30 a.m.<br>COURT: Hon. Lawrence J. O'Neill |
| Defendant. | |

The United States recommends Defendant William Lee be sentenced to a term of imprisonment of 120 months, which is the guideline sentence for Defendant.

## I.    Background

In March and April 2016, Defendant William Lee (Defendant) conspired with other Dog Pound Gangsters (DPG) members to kill a rival gang member for the purpose of gaining or maintaining status within the DPG organization.  (Presentence Investigation Report ("PSR") at ¶ 10).  After DPG member and co-defendant Kenneth Wharry was shot by rival gang members, Defendant and others conspired to conduct a retaliatory shooting against rival gang members.  *Id.*  The conspiracy culminated in an April 7, 2018 shooting at Fink White Park in Fresno (rival gang territory) where DPG member and co-defendant Kiandre Johnson (and perhaps others) opened fire in the park.  PSR ¶ 19.

Prior to the shooting, Defendant furnished a gun to Kiandre Johnson for the shooting, and later helped Johnson dispose of the weapon.  PSR ¶ 17-21.  The PSR as well as the sworn allegations

UNITED STATES' SENTENCING MEMO FOR DEFENDANT
WILLIAM LEE

1

contained in the Complaint in this case (ECF #2) illustrate Defendant's significant role in furnishing a weapon to Kiandre Johnson for offensive purposes.  (PSR ¶ 17-21; Complaint ¶ 298-324).

On April 7, 2016, at approximately 8:10 pm, Defendant spoke with Kiandre Johnson about the potential shooting.  Defendant told Kiandre Johnson that if they were "going out" that they should let Defendant know because he would "let [Johnson] use [his] banger."  (PSR ¶ 17; Complaint ¶ 301).

At approximately 10:34 pm, Fresno Police Department officers responded to reports of shots fired at Fink White Park.  Officers located two witnesses who observed a shooting (but were unable to identify the shooter(s)), and recovered 13 spent shell casings.  (PSR ¶ 19; Complaint ¶ 307).  Fink White gang is a rival gang to DPG, and the Fink White Park is territory of the Fink White gang.  (PSR ¶ 19 n.6; Complaint ¶ 306).

According to GPS location information on Kiandre Johnson's phone, Johnson was near the park at the time of the shooting (PSR ¶ 19; Complaint ¶ 309).

Following the shooting at approximately 12:02 am, Defendant exchanged text messages with Kiandre Johnson regarding the shooting:

| LEE | "Yall gd" |
| JOHNSON | "Yeah |
| LEE | "Ok yall made it back" |
| JOHNSON | "Yeah the hammy jam" |
| LEE | "Oyea how many times" |
| JOHNSON | "I did not get off one |
| LEE | "No" |
| JOHNSON | "Yeah" |

(PSR ¶ 19; Complaint ¶ 314)

In the text message exchange, Defendant checked in with Johnson after the shooting to make sure that Johnson was okay.  Defendant asked if they were good ("yall gd")?  Johnson responded that he was okay and that the "hammy jam" (that the hammer jammed, i.e., that the firearm malfunctioned) and that he "did not get one off."  Defendant's response was "no" (as if he was surprised or disappointed).

Future calls confirmed Defendant's role in helping Kiandre Johnson with the gun.

Roughly 25 minutes later, at 12:27 am, Wharry spoke to Defendant.  (PSR ¶ 19; Complaint ¶ 320).  During the call, Defendant told Wharry to tell "KeKe" (Kiandre Johnson) to come outside.  *Id*.

UNITED STATES' SENTENCING MEMO FOR DEFENDANT WILLIAM LEE

2

In the background Wharry can be heard stating "Key, Chill outside, take that Nigga that raggedy-ass motherfucker (firearm)." *Id*. Defendant began laughing then stated "tell Keek he don't know what the fuck he doing, man." *Id*.

Wharry advised Defendant that Defendant needed to "go check that motherfucker (firearm)" and further stated "that motherfucker (Kiandre Johnson) didn't get off one time." *Id*. Defendant responded, "that motherfucker (Johnson) probably had it on safety." *Id*. Wharry said "I checked it and tested it." *Id*. Defendant replied, "and it still didn't go off?" *Id*. Wharry said "no." *Id*. Defendant indicated that he could trade the firearm to another person for a "40" (.40 caliber weapon). *Id*. Wharry advised Defendant that Kiandre Johnson was "there". *Id*. Defendant replied, "I see him." *Id*.

At approximately 12:28 am, agents observed a white Chevy Tahoe leaving the area of the San Joaquin Suites hotel. (PSR ¶ 19; Complaint ¶ 323). Agents had previous observed Defendant driving this vehicle. *Id*. Based on the content of the calls, agents believed Defendant had come to the hotel to pick up Kiandre Johnson and the firearm Johnson possessed. *Id*. Agents subsequently followed this vehicle from the location. *Id*.

At approximately 12:48 am, agents initiated a traffic stop on the Chevy Tahoe. (PSR ¶ 19; Complaint ¶ 323). Defendant was driving the vehicle and Kiandre Johnson was the passenger. *Id*. Agents searched the vehicle, but did not find a weapon. *Id*.

Agents began to actively search along the path the vehicle took prior to the traffic stop. *Id*. Special Agent Val Pacheco subsequently located a black bag along the side of the road. *Id*. Upon searching the item officers determined it contained a firearm and ammunition. *Id*. Officers collected the bag and all of its contents and seized it as evidence. *Id*. At the conclusion of the traffic stop both Defendant and Kiandre Johnson were released and drove from the area. *Id*. Agents established surveillance in the area where they had located the firearm. *Id*. Within minutes, agents observed the Chevy Tahoe drive into the area and begin searching for the weapon. *Id*.

Following the stop, on an intercepted call, Defendant advised Wharry about the traffic stop. (PSR ¶ 20). Defendant said he heard radio traffic on a scanner describing his vehicle and became suspicious that law enforcement was following him. *Id*. Kiandre Johnson told Wharry, "We had to throw the burner all the shit nigga." *Id*. Wharry responded, 'Yall got rid of it?" *Id*. Kiandre Johnson

UNITED STATES' SENTENCING MEMO FOR DEFENDANT WILLIAM LEE

3

replied, "yeah nigga we had to throw the burner man, we trying to see where this mother fucker at right now." *Id*.

## II.    Analysis

The United States believes that Probation's recommended 120 month sentence is appropriate for Defendant.   Defendant took proactive steps to assist Kiandre Johnson in conducting an offensive, retaliatory gang shooting with a gun Defendant provided for that purpose.

A 120 month sentence is the guideline sentence.  According to the PSR, the total offense level is 33, and Defendant's criminal history category is III, which results in a guideline range of 168-210 months.  Because the statutory maximum for the offense is 120 months, 120 months becomes the new guideline sentence, pursuant to USSG § 5G1.1(a).

Defendant filed no formal objections to the PSR.

In the Defendant's sentencing motion, he urges that Defendant should receive credit for acceptance for responsibility.  (ECF #733 at 2).  The government, however, agrees with the Probation Office that Defendant has not accepted responsibility for his conduct (describing his actions as "misconstrued and/or blown out of proportion . . . . [A]t any rate I accept full responsibility.").  *See* Defendant's Sentencing Letter, ECF #733, at 4; *see also* PSR ¶ 29 (Defendant stated he feels he should not "be here" (jail), but he is "here" and knows "deep down inside" he has not done anything.)  Even if the Court and Government concluded Defendant had accepted responsibility, and gave him the full three level reduction for acceptance of responsibility, his guideline range at a Level 30, Criminal History Category III, would be 121-151 months (the low end of which would still be above the 120 month sentence recommended by probation.)

Defendant also urges that he should be entitled to a sentence below 120 months because other defendants received the same or lesser sentences even though they were convicted of more than one criminal violation.  The Court may take into account "unwarranted" disparities in sentencing.  However Section 3553(a) guides that disparity among defendants concerns defendants "with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  Here, Defendant provided a gun to Kiandre Johnson that Johnson attempted to use at a shooting in public park, responded negatively when he found out Johnson had not discharged the weapon, offered to help fix and/or exchange the weapon,

UNITED STATES' SENTENCING MEMO FOR DEFENDANT WILLIAM LEE

4

and helped Johnson "ditch" the weapon after evading officers.  He stands in a unique position in that regard.

Finally, Defendant discusses his family's importance in his life, as well as the positive influence he has had on various individuals' lives.  For example, he wrote that "I have been an active part of the community by mentoring inner city youth."  (ECF #733 at 4).  He also indicated he participated as a youth sports coach.  The government struggles, however, to square those statements with Defendant's conduct in this case.  Kiandre Johnson was a young man, 23 years old at the time of the shooting, 15 years younger than Defendant.  And Defendant provided Kiandre Johnson a gun for Johnson to use in a shooting in a public park within a residential neighborhood, offered to help Johnson fix and/or test-fire the weapon, and then helped Johnson "ditch" the weapon during the car stop with the police.  In addition to Johnson, many other DPG members in this case also were young men.  Rather than attempt to prevent violence and the gang lifestyle, he helped facilitate those things.

### III.    Conclusion

The United States recommends Defendant William Lee be sentenced to a term of imprisonment of 120 months, which is the guideline sentence for Defendant.  Such sentence is sufficient but not greater than necessary to meet the purposes of sentencing.


 Dated:  October 24, 2018                                  McGREGOR W. SCOTT
                                                           United States Attorney


                                                    By:   /s/ JEFFREY A. SPIVAK
                                                          JEFFREY A. SPIVAK
                                                          Assistant United States Attorney

UNITED STATES' SENTENCING MEMO FOR DEFENDANT WILLIAM LEE

5